989 F.2d 495
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kerry Lee BAKER, Defendant-Appellant.
 No. 92-5394.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 19, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-91-182-N)
 Rodolfo Cejas, II, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Ronald Batliner, Jr., Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Kerry Lee Baker entered a guilty plea to one count of conspiracy to distribute cocaine and to possess cocaine with intent to distribute in violation of 21 U.S.C.A. § 846 (West Supp. 1992). He appeals his sentence, contending that the district court improperly awarded him two points under guideline section 3B1.1(c)* for being a leader in the offense. We affirm.
 
 
 2
 A two-point adjustment may be given when a defendant was an organizer, leader, manager, or supervisor in a criminal activity which involved fewer than five people. The district court's factual determination of the defendant's role in the offense is reviewed under the clearly erroneous standard. United States v. Harriott, 976 F.2d 198 (4th Cir. 1992).
 
 
 3
 During Baker's participation in this offense, he received cocaine regularly from co-defendant Vincent Showers and in turn "fronted" half of what he received to two friends, Darrell Cross and Carl Walton, whose previous source had been arrested. Baker, Cross, and Walton sold cocaine in the same area. At times, when Baker was given a bonus by Showers for selling large amounts of cocaine, he also passed on bonuses to Cross and Walton. On one occasion when Baker was told that Showers would try to kill him when he delivered his payment to Showers, Baker had Cross and Walton come armed to the delivery point and hide in the woods in case of trouble. A shootout in fact occurred in which Baker and two others were wounded.
 
 
 4
 The district court found that Baker was a leader as to Cross and Walton, who depended on him for their supply of cocaine and came at his direction to protect him when necessary. On the facts presented, we cannot say that the district court's finding was clearly erroneous.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)